■ In the Matter of MAURICE GOLDBERG et al., Appellants, v. ARROW ELECTRONICS, INC., Respondent. In the Matter of MAURICE GOLDBERG et al., Respondents-Appellants, v. ARROW ELECTRONICS, INC., Appellant-Respondent.— Order, Supreme Court, New York County entered January 8, 1973, unanimously affirmed. Respondent shall recover of appellants $40 costs and disbursements of this appeal. Order, Supreme Court, New York County entered April 2, 1973, unanimously modified, on the law and the facts, to strike therefrom the provision for counsel fee and to vacate the reference to fix the amount thereof, and otherwise affirmed, without costs and without disbursements. Petitioners-appellants, holders of approximately 5% of the stock of the corporate respondent-respondent, and objectants to a proposed merger proposal, instituted a valuation proceeding (Business Corporation Law, § 623). Special Term found that the merger, not yet consummated, might well be abandoned, and that respondent was not proceeding untimely; and, concluding that the proceeding was premature, denied the application without prejudice to renewal either upon the merger's consummation or the passage of an unreasonable period of time without either consummation or

abandonment. The first appeal is from that order; it is affirmed. Less than two months after the filing of that order, the merger plan having been formally abandoned in the interim, petitioners moved for fixation of interest on the value of their stock for the period running from authorization of the merger to its abandonment. Special Term denied that branch of the application, finding no authorization therefor, in the circumstances disclosed, in the statute (see Business Corporation Law, § 623, subd. [e]). It was specifically found — and we agree — that respondent's claimed bad faith had not been proven. At the same time, however, the court granted an accompanying request for counsel fee, citing as authority section 623, (subd. [h], par. [7]), and referring the issue of amount thereof to the court's Special Referee. Respondent appealed from the award of counsel fee; petitioners, from denial of interest. We reverse as to the first and affirm as to the second. The statutory scheme for regulation of corporate mergers and particularly the comprehensive provisions thereof for protection of dissenting stockholders do not, in the circumstances found here, make any provision in either cited subdivision of the section or anywhere else for either the relief granted or withheld by Special Term. The application should have been denied *in toto*. Concur — Stevens, P. J., Markewich, Nunez, Murphy and Tilzer, JJ.