Maurice GOLDBERG et al., Plaintiffs-Appellants,

v.

ARROW ELECTRONICS, INC., Defendant-Appellee, and State of New York, Defendant.

No. 770, Docket 74–2615.

United States Court of Appeals, Second Circuit.

Argued March 24, 1975.

Decided March 25, 1975.

Samuel M. Sprafkin, New York City (Mandel M. Einhorn, New York City, on the brief), for plaintiffs-appellants.

Geoffrey M. Kalmus, New York City (Ellen R. Nadler, and Nickerson, Kramer, Lowenstein, Nessen, Kamin & Soll, New York City, on the brief), for defendant-appellee.

Before KAUFMAN, Chief Judge, MULLIGAN, Circuit Judge and THOMSEN,* District Judge.

PER CURIAM:

Goldberg directs his attack primarily at § 623(e) of the New York Business Corporation Law (McKinney's Consol. Laws, c. 4, 1963), which requires a corporation to pay the fair market value of shares dissenting to a merger only if the merger is consummated. On January 31, 1973 Arrow Electronics, Inc. abandoned the merger to which Goldberg had dissented on May 25, 1972; in the interim,

* Of the District of Maryland, sitting by designation.

under § 623(e) and (f), Goldberg had lost his status as a shareholder and became a claimant. Since the price of Arrow declined during this period, Goldberg complains that the restriction on resale of his shares, coupled with the termination of Arrow's obligation to pay for his shares when it abandoned the merger, violates due process.

■ We find little merit to Goldberg's contention. Section 623 is a rational scheme for determining the rights of shareholders when they oppose a merger. Goldberg was fully aware of this scheme, and the potential deprivations it entails, when he chose to dissent. Moreover, the particular provision under attack—that excuses a corporation from paying for a dissenter's shares if the merger is abandoned—is clearly designed to maximize the power of minority shareholders. A corporation would be induced to abandon a merger when it could not afford to pay dissenters for their shares—precisely what occurred in this case.

■ Thus, ultimately Goldberg claims merely that Arrow has abused § 623 by speculating in Goldberg's shares—protracting the appraisal process, and abandoning the merger only when the market declined below the price it would have to pay for his shares. Not only does this allegation not rise to constitutional dimension—the sole federal concern in this matter—but it has twice been rejected by state courts. Goldberg v. Arrow Electronics, Inc., No. 22146, 1972 (Spec.Term, Pt. 1, Jan. 8, 1973) (Murtagh, J.); Goldberg v. Arrow Electronics, Inc., No. 22146, 1972 (Spec. Term, Pt. 1, Apr. 2, 1973) (Chimera, J.), modified, 42 A.D.2d 890, 347 N.Y.S.2d 597 (1st Dept. 1973), app. dismissed, 33 N.Y.2d 1004, 353 N.Y.S.2d 966, 309 N.E.2d 428 (1974).

Since Goldberg's due process claim is so palpably without merit, we need not consider Arrow's contentions that its acts are not "state action," and that the state court proceedings are res judicata of this § 1983 action.

Affirmed.